IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MANDRIEZ RAMON SPIVEY, | : | |
| Petitioner. | : | |
| VS. | : | |
| Warden M. TRAVIS BRIGGS, | : | NO. 5:14-CV-191 (HL) |
| Respondent. | : | |
| | : | **O R D E R** |

Petitioner **MANDRIEZ RAMON SPIVEY**, a federal prisoner confined at the United States Penitentiary in Inez, Kentucky, filed this *pro se* 28 U.S.C. § 2254 habeas corpus petition. He challenges his conviction in the Superior Court of Bibb County, Georgia, in Criminal Action 47484, which occurred in either late 1997 or early 1998. As a result of said conviction, Petitioner was sentenced to "5 yr probation revoked 4 yrs prison 7 yrs probation."

In July 2010, Petitioner entered a guilty plea in this Court to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Judge C. Ashley Royal sentenced Petitioner on November 15, 2010 to 85 months' imprisonment. *See United States v. Spivey*, 5:10-cr-17 (CAR). Petitioner does not appear to allege that his 1997/1998 state court conviction enhanced his present federal sentence. Instead, he asks that this Court "vacate the sentence."

It is not entirely clear which sentence Petitioner now wishes to challenge. What is clear is that he has filed at least three prior habeas petitions in this Court – one under section 2254

1

challenging his 1997/1998 state conviction and two under section 2255 challenging his 2010 federal conviction. *See Spivey v. Warden*, 5:11-cv-224 (MTT) (M.D. Ga.) (section 2254); *Spivey v. United States*, 5:11-cv-90111 (CAR) (section 2255); *Spivey v. United States*, 5:14-cv-172 (CAR) (section 2255). Petitioner's first section 2255 petition included a challenge to his 1997/1998 state court conviction. The Court dismissed on the merits said petition as well as the section 2254 petition.

District courts have jurisdiction to review a 28 U.S.C. § 2254 petition only of a habeas petitioner who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" requirement to mean that a habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired." *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997). *See also Andrews v. Warden, FCC Coleman USP # 1*, 475 F. App'x 747 (11th Cir. 2012); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curium).

Petitioner thus can no longer bring a section 2254 habeas petition directed solely at 1997/1998 conviction, as the associated sentence has fully expired. Petitioner does not allege that said conviction enhanced his present federal sentence.

Even if Petitioner had alleged enhancement, his argument would be invalid. As the Supreme Court held in *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001),

> once a state conviction is no longer open to direct or collateral attack in its own right

2

>because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

The only exceptions to the above rule are where (1) counsel was not appointed in violation of the Sixth Amendment; or (2) "no channel or review was available with respect to the prior conviction, through no fault of the petitioner." ***Birotte v. Secretary for the Dep't of Corrections***, 236 F. App'x 577, 579 (11th Cir. 2007) (citing ***Lackawanna***, 532 U.S. at 402-04). Said exceptions are inapplicable here as Petitioner had counsel in the 1997/1998 proceeding and he does not contend that he lacked any channel of review of that conviction.

In addition to the above, the second or successive rule mandates dismissal of this action. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also **Guenther v. Holt***, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). Whether the instant petition is deemed to be filed under section 2254 or section 2255, it is second or successive. As noted above, this Court has previously dismissed a section 2254 application and a section 2255 application, both of which included a challenge to Petitioner's 1997/1998 state court conviction.

Accordingly, this Court lacks jurisdiction to act upon the instant petition. ***United States v. Holt***, 417 F.3d 1172, 1175 (11th Cir. 2005). It is therefore **ORDERED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner's filing in the Eleventh Circuit a motion for leave to file a second or successive habeas petition.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. The Court declines to issue a COA because Petitioner has not made a substantial showing of the denial of any constitutional right.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this 28th day of May, 2014.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr